IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KOREY KASCHIEF CORNISH, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:22-cv-122 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| WARDEN M. UNDERWOOD, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**[1]

For the reasons that follow, the Court will deny the Petition for a Writ of Habeas Corpus (ECF 4) filed by federal prisoner Korey Kaschief Cornish ("Petitioner") and close this case.

**I.     Relevant Background and Facts**

Petitioner is a federal prisoner who is housed at FCI Loretto, which is located within the territorial boundaries of the Western District of Pennsylvania. In this habeas case, Petitioner challenges the decision of a Disciplinary Hearing Officer ("DHO") who concluded that he committed the prohibited act of Refusing a Drug or Alcohol Test and sanctioned Petitioner with the loss of good conduct time.

The incident at issue occurred on November 7, 2021.[2] On that date, Petitioner was issued Incident Report No. 3565244, which charged him with committing the prohibited act of Refusing

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 7, 9.)

[2] The incident report was issued when Petitioner was housed at the Satellite Prison Camp in Fairton, New Jersey. Petitioner was transferred to FCI Loretto and filed the Petition. He properly filed it with this Court because a federal prisoner must file his § 2241 habeas petition with his custodial court, which is the federal district court in the district in which the prisoner is incarcerated. *Bruce v. Warden Lewisburg USP,* 868 F.3d 170, 178 (3d Cir. 2017).

1

Drug or Alcohol Test, in violation of Code 110. (EFF 4-1 at p. 1.) The reporting employee described the incident as follows:

> Specifically, while conducting the 4:00 pm count, [Petitioner] was observed sleeping in his bed. After many attempts to wake him by myself and other inmates, he eventually woke up but seemed very disoriented and confused. When asked if he knew what time it was, he did not respond. His demeanor and slow response time cause me to suspect he may have been under the influence of an intoxicant. I advised [Petitioner] to submit to a breathalyzer using the Alco Sensor III to which he refused.

(*Id.*)

The Incident Report was delivered to Petitioner and he was advised of his rights before the DHO. (ECF 13-3 at p. 2.) Petitioner's hearing was held in December 2021. At the end of the hearing, the DHO determined that the greater weight of the evidence supported the finding that Petitioner committed the disciplinary code violation as charged. (*Id.* at pp. 2-3.) The DHO explained that the decision was based on the eyewitness testimony of the reporting staff member. (*Id.*) ("[t]he specific evidence relied upon to support this finding was the eyewitness account of the reporting staff member that on 11-7-2021, at approximately 4:11 pm, while working as the Camp officer, [Petitioner] refused a breathalyzer test").

At the hearing, Petitioner told the DHO that at the time of the incident he "was willing to take a breathalyzer but [he has] a heart murmur and was having a hard time breathing, so [he] took [a breathalyzer] once [he] came inside[.]" (*Id.* at p. 4.) To address Petitioner's defense, "[t]he DHO paused the hearing and contacted medical to determine if [Petitioner was] treated for a complaint of shortness of breath at the time of incident and further requested any results from a completed breathalyzer being conducted on [Petitioner] the day of the incident." (*Id.*) "The DHO was notified [Petitioner] had not made any complaint and did not seek treatment for shortness of breath[.]" (*Id.*) The DHO was also advised that Petitioner was "not listed as completing a[n] alco sensor

breathalyzer test on the date in question." (*Id.*) Thus, the DHO found Petitioner's defense lacked credibility. (*Id.*) Based on his findings, the DHO imposed as a sanction, among other things, the disallowance of 41 days of good conduct time.

In the pending Petition for a Writ of Habeas Corpus (ECF 4), Petitioner challenges the DHO's findings and asks this Court to order Respondent to rescind the DHO's sanctions and restore his good conduct time. (ECF 4, ¶ 9). Respondent, who in this action is the Warden of FCI Loretto, has filed the Answer (ECF 13) and Petitioner has filed the Reply (ECF 14.)

**II.    Discussion**

28 U.S.C. § 2241 confers habeas jurisdiction upon a federal prisoner's custodial court to hear challenges to BOP decisions that potentially affect the duration of his custody, such as the claims Petitioner makes in this case. *See*, *e.g.*, *Queen v. Miner*, 530 F.3d 253, 254 (3d Cir. 2008); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990). In order to obtain habeas relief, Petitioner has the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3).

Petitioner has not satisfied his burden. He challenges the DHO's determination that he committed the prohibited act, but he has failed to establish that anything that occurred during his disciplinary proceeding violated any constitutional right or federal law.

It is well settled that a DHO's determination is entitled to considerable deference by a reviewing court and must be upheld as long as there is "some evidence" to support it. As the Supreme Court explained in *Superintendent v. Hill*:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced.... Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant

question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.... We decline to adopt a more stringent evidentiary standard as a constitutional requirement.

472 U.S. 445, 455-56 (1985) (internal quotation marks and citation omitted); *see also Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013) ("a prison disciplinary decision need only be supported by 'some evidence' in order to satisfy due process."); *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989) ("The due process requirements in this context are minimal"). The evidence need not be direct or "logically preclude[ ] any conclusion but the one reached by the disciplinary board." *Id.* at 457. "[D]ue process…requires only that there be some evidence to support the finding made in the disciplinary hearing." *Id.*

Here, the DHO's decision was based on the requisite amount of evidence necessary to survive review by a federal habeas court. The DHO did not credit Petitioner's defense and instead credited the reporting officer's statement that Petitioner refused to take a breathalyzer test. Petitioner's allegation that the DHO failed to investigate his statement is refuted by the DHO's report, which shows that the DHO paused the hearing to speak with health services staff and requested additional results of breathalyzers conducted that day.  For his part, Petitioner requested no witnesses and acknowledged to the DHO that he understood his rights. (ECF 13-3 at pp. 2-3.) There is no indication in the DHO report that Petitioner raised any concerns with the disciplinary process during his hearing. (*Id.* at pp. 2-4.)

Petitioner argues that the reporting officer "never once reported that he smelled the presence of alcohol on [Petitioner]," implying there was not enough evidence to believe he was intoxicated. (ECF 4 at p. 2.) Petitioner was not charged with being under the influence of drugs or alcohol, however.  That is a separate prohibited act (Code 112, Use of any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants, or Related Paraphernalia, Not Prescribed for the

4

Individual by the Medical Staff). While the officer suspected that Petitioner may have been intoxicated, Petitioner was only charged with refusing to take the breathalyzer. As outlined above, there was sufficient evidence to support a finding that Petitioner did, in fact, commit that offense.

Petitioner also argues that his rights were violated because he allegedly was not given access to video evidence that he asserts would have shown that he submitted to a breathalyzer when he was in the SHU. This argument is not persuasive. Petitioner has not shown that video evidence in fact existed. Additionally, if Petitioner had submitted to a breathalyzer he could have presented testimony or a statement from the individual who administered it but he chose not to call any witness to support his defense.

For these reasons, Petitioner has failed to demonstrate that his constitutional rights or any federal law were violated during his disciplinary proceeding. Therefore, he is not entitled to habeas relief and the Court will deny the Petition.

### III. Conclusion

For the reasons set forth above, Petitioner is not entitled to habeas relief under § 2241 and thus the Court will deny his petition (ECF 4).[3]

An appropriate Order follows.

Dated: April 26, 2023                     BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[3] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012).